**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| YOLANDA BRADFORD, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 23-CV-02559 |
| | ) | |
| v. | ) | |
| | ) | |
| COOK COUNTY SHERIFF'S OFFICE, | ) | JURY DEMAND |
| COOK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiffs, by their undersigned counsel, respectfully submit the following Complaint against Defendants Cook County Sheriff's Office and Cook County:

### INTRODUCTION

1.       Like the Plaintiffs in the related complaint filed in Case No. 23-cv-1390, Plaintiffs have suffered egregious sexual harassment from detainees in the custody of Defendant Cook County Sheriff's Office due to Defendant Cook County Sheriff's Office and Cook County's widespread tolerance of this behavior. Plaintiffs bring this action under 42 U.S.C. § 1983 and the Illinois Civil Rights Act to seek damages for the injuries they have suffered as a result of Defendants' deliberately indifferent policies and practices.

### PARTIES

2.       Plaintiffs are women who have been subjected to severe and pervasive sexual harassment by detainees while employed by Defendants.

3.       Defendant Cook County Sheriff's Office (CCSO), otherwise known as Cook County Sheriff Thomas J. Dart in his official capacity, is a unit of local government charged with

responsibility and authority for the operation of Cook County Jail through the Cook County Department of Corrections (CCDOC).

4.     CCSO also has responsibility and authority for operating the Court Services Department, which is the unit of the Cook County Sheriff's Office that is responsible for securing detainees and providing security at all County Court facilities, including the George Leighton Criminal Courthouse.

5.     Defendant Cook County is a body politic and corporation organized under the Illinois County Code, 55 ILCS 5/1-1001, et seq. Cook County owns the Cook County Jail, and provides health care to detainees at Cook County Jail through Cermak Health Services of Cook County.

6.     At all times relevant to this Complaint, the County and the CCSO have been, or were, an employer or joint employer of all Plaintiffs.

## JURISDICTION AND VENUE

7.     The Court has jurisdiction over this case under 28 U.S.C. §§ 1331, 1343, 1367 and 42 U.S.C. § 1983.

8.     Venue is proper, because the events and omissions giving rise to Plaintiffs' claims occurred within this judicial district and the parties are residents of this judicial district.

## COOK COUNTY JAIL

9.     At all relevant times, Cook County Jail included multiple divisions for detainee housing. Division 8 includes Cermak Health Services where detainees receive health care and the Residential Treatment Unit (RTU) for detainees receiving mental health services.

10.     Sheriff Dart staffs these divisions with correctional officers under the supervision of a command staff that includes sergeants, lieutenants, commanders, and superintendents.

11.     The County employs various medical personnel and supervisors to provide health care to detainees at Cermak and RTU and throughout the rest of the Cook County Jail. Sheriff Dart's deputy sheriffs are assigned to provide security and escort medical personnel making rounds or passing medications on living units.

12.     Detainees with court appearances at the Leighton Criminal Courthouse are taken through the Receiving Classification and Diagnostic Center (RCDC) and through a series of tunnels connecting the Jail to the Courthouse.

13.     While moving through these tunnels and inside the Courthouse, detainees remain in the custody of members of Sheriff Dart's Court Services Department.

14.     Detainees likewise remain in the custody of the CCSO while detained, during court appearances, and while transported to and from suburban courthouses such as the Maywood Courthouse, as well as while receiving treatment at Stroger Hospital.

**DEFENDANTS' TOLERANCE OF SEXUAL HARASSMENT**

15.     Defendants' female employees, including the Plaintiffs herein, have been subjected to a work environment in which male detainees are able to openly engage in horrifying acts of sexual harassment against female employees on a daily basis, such as deliberately exposing their genitals to, masturbating at, groping and battering, threatening to rape and sexually assault, and making lewd gestures and vile sexual remarks to female employees.

16.     Throughout their employment, Plaintiffs have lived in fear of going to work in an environment where they and their female colleagues are allowed to be repeatedly and needlessly victimized by offenders that Defendants simply refuse to deal with appropriately. Their suffering has been made exponentially worse as a result of the direct attacks and harassment they have experienced, as further summarized below.

17.     While Sheriff Dart and the County have made some efforts to address the problem, such as Sheriff Dart putting certain detainees in green jumpsuits, Defendants know that these measures have not corrected the hostile work environment and the attacks continue daily.

18.     The jumpsuits, for example, do not actually stop detainees from exposing themselves or masturbating and have proven ineffectual, including because

a.     Detainees are not required to wear these jumpsuits or wear them properly. Detainees who are supposed to be in green jumpsuits frequently walk around with the jumpsuit open and with easy and unfettered access to their genitals;

b.     Detainees have kept a second set of khaki CCDOC uniforms that they will switch into at various times;

c.     Detainees are not necessarily issued green jumpsuits even though they have exposed themselves and masturbated while in the custody of CCDOC. Even though this behavior is routinely committed in the receiving and intake process, offending detainees are merely separated and processed separately. No effort is taken to record and identify such behavior so that the detainee can be treated as a sexually deviant offender and issued a green jumpsuit.

d.     The failure to report and initiate corrective action is so high that it is likely that the offending detainee will commit several infractions before a green jumpsuit is even issued. As such, green jumpsuits were not issued to all offenders who engaged in this behavior and some offenders were allowed to remain in brown khaki uniforms despite engaging in this behavior.

e.     There are no consequences for the detainees that do not properly wear a green jumpsuit as a number of correctional officers and supervisors will not write these detainees up or take any corrective action. Instead, certain correctional officers and supervisors will just encourage or cajole female employees to treat the non-compliant detainee as if he were properly attired in a green jumpsuit.

f.     Non-compliant detainees are not handcuffed or not properly handcuffed in the rear while being transported, allowing them to expose themselves and masturbate to unsuspecting individuals during transportation and when outside of their tier.

g.     Detainees would commit misconduct in order to get a green jumpsuit in order to avail themselves of rewards such as pizza parties and access to microwaves that were given to such detainees. These green jumpsuits were prized by some detainees and became a status symbol.

19.     Overall, Defendants continue to fail to take the necessary measures to address the rampant egregious sexual harassment suffered by their female employees on a daily basis.

20.     Defendants often do not separate repeat offenders from female employees and require female employees to work alongside the repeat offenders that continue to victimize them.

21.     CCSO regular assigns an inadequate number of correctional officers to secure detainees, sometimes leaving a single officer to secure far more detainees than he or she possibly can, including multiple tiers at a time. This has led to a "go along-get along," "look the other way" policy that encourages detainees to take advantage and victimize female employees without consequence.

22.     Defendants do not adequately train their employees and supervisors on how to respond to these attacks.

23.     Defendants allow their supervisors to turn a blind eye to and/or discourage their employees from reporting and/or pursuing discipline for the attacks.

24.     Many of the attacks occur in plain view of supervisors and correctional officers, yet sometimes these incidents are not even documented, much less addressed through discipline, because Defendants' policy is to ignore and avoid complaints about these incidents as much as possible.

25.     CCSO supervisors routinely refuse or choose not to write up detainees and choose instead to given them ineffective verbal warnings or simply laugh their behavior off. Indeed, CCSO has repeatedly told its female employees that detainees who engage in exposure and masturbation attacks from inside their cells cannot be disciplined, because this is their personal space.

26.     In instances where discipline is pursued, it often constitutes lip service more than anything else, as the CCSO discourages female employees from pursuing criminal charges, little to no effective discipline is issued, and offending detainees are quickly allowed back into a tier with female employees that they continue to harass.

27.     CCSO supervisors and investigators have talked victims out of pressing charges by pointing out that criminal charges would not be effective, would probably be thrown out in court or result in a minimal sentence, and/or that the offender was already facing a serious period of incarceration on other charges. Female employees have also been told that if criminal charges were pressed the detainee would be given the victim's name and personal information.

28.     Defendants *de facto* policy is that the egregious sexual harassment experienced by female employees is "what thy signed up for" and "part of the job." Those who choose to complain about their work environment are mocked for making reports, and unjustly questioned and doubted.

29.     The union representing correctional officers, Teamsters Local 700, previously lodged a class grievance against the Cook County Sheriff's Office, because supervisory staff threatened to write up officers who disciplined detainees for masturbating.

30.     For some time, CCSO even offered offending detainees pizza parties and other incentives if they stopped their attacks for a certain period of time, which actually incented detainees to engage in sexual misconduct.

31.     This long-running problem was the subject of at least 561 individual claims by female employees of CCSO and the County in *Howard, et al. v. Cook County Sheriff's Office*, *et al.*, 17-cv-8146 (consolidated with *Wilson v. Cook County Sheriff's Department, et al.*, 17-cv-

8248)[1], and a class action brought by Cook County public defenders against CCSO and the County

in *Brown, et al. v. Cook County, et al.*, 17-cv-8085.

---

[1] *Howard* was filed on November 10, 2017 as a class action on behalf of all female correctional officers, sergeants, and lieutenants who have worked at Cook County Jail since April 22, 2015. The putative class was amended on November 12, 2017 to include all female correctional officers, sergeants, lieutenants, medical personnel, correctional rehabilitation workers, and law librarians who have worked at Cook County Jail since April 22, 2015, and on January 31, 2018 to include all women who have been employed by the CCSO at Cook County Jail or by the County in positions with Cermak Health Services at any time since April 23, 2015, except for women who during that period have held the following positions: CCDOC executive director, deputy director, assistant deputy director, chief financial officer, chief operating officer, chief of staff, chief, deputy chief, bureau chief, deputy bureau chief, general counsel, assistant general counsel, deputy assistant general counsel, legal division employee, eeo investigator, compliance officer, correctional commander, county police officer, hearing officer, inmate discipline director, inmate services supervisor, superintendent; Cermak Health Services director, assistant director, deputy assistant director, chief, deputy chief, division chief, chief operating officer – correctional health services, chairman, manager, staffing coordinator.

On November 14, 2017, the *Wilson* plaintiffs filed a class action on behalf of all current or former sheriff deputies employed by CCSO since November 2015 who have worked as deputies for CCDOC or the Court Services Department, and those individuals who were subject to sexual harassment prior to such date. On January 22, 2018, the *Wilson* plaintiffs filed an amended complaint on behalf of the same putative class.

The *Howard* and *Wilson* actions were consolidated under case number 17-cv-8146 and, on March 12, 2018, a first consolidated amended complaint was filed in the consolidated action on behalf of all women who have been employed by CCSO at Cook County Jail, or as court services deputies at the Leighton courthouse, or by the County in positions with Cermak Health Services, at any time since April 23, 2015, except women who, during that time period have held the following positions: CCDOC executive director, deputy director, assistant deputy director, chief financial officer, chief operating officer, chief of staff, chief, deputy chief, bureau chief, deputy bureau chief, general counsel, assistant general counsel, deputy assistant general counsel, legal division employee, eeo investigator, compliance officer, correctional commander, county police officer, hearing officer, inmate discipline director, inmate services supervisor, superintendent; Cermak Health Services director, assistant director, deputy assistant director, chief, deputy chief, division chief, chief operating officer – correctional health services, chairman, manager. Amended consolidated complaints were filed on July 31 and November 14, 2018 on behalf of the same class.

On August 12, 2019, the district court certified a class of all women who have been employed by CCSO at Cook County Jail, or as court services deputies at the Leighton Courthouse, or by the County in positions with Cermak Health Services, at any time since April 23, 2015, except women who, during that period, have held the above-referenced positions or who were employed in supervisory roles. On April 12, 2020, the district court granted the plaintiffs' motion to refine the class, and refined the class to include all women who have been employed by CCSO at Cook County Jail, or as court services deputies at the Leighton Courthouse, or by the County in positions with Cermak Health Services, at any time since April 23, 2015, except women who, during that period, have held the above-referenced positions, non-sworn civilian positions in the administration, inmate discipline, legal, or records-Div. 5 departments, or who were employed in supervisory roles.

On November 15, 2019, Wendy Shadbar sought leave to file a complaint in intervention on behalf of a class of all women who have been employed as supervisory employees by CCSO at Cook County Jail or at the Leighton Courthouse at any time since April 23, 2015, except women who, during that period, have held the following positions: executive director, deputy director, assistant deputy director, chief financial officer, chief operating officer, chief of staff, chief, deputy chief, bureau chief, deputy bureau chief, general counsel, assistant general counsel, deputy assistant general counsel, legal division employee, eeo investigator, compliance officer, correctional commander, county police officer, hearing officer, inmate discipline director, inmate services supervisor, superintendent.

32.     As Judge Kennelly explained in denying Defendants' motion for summary judgment in *Howard*, there is evidence of "widespread apathy to detainee sexual misconduct by supervisory personnel and upper management Jail employees;" that "CCSO supervisors were at times openly hostile towards officers who disciplined detainees for masturbating," that "the policies and practices designed to address detainee sexual misconduct were woefully inadequate, and that "defendants knew about the problem and that their responses were ineffective and knowingly failed to correct the problem." (17-cv-8146, Dkt. # 467 at 33.)

33.     This evidence includes more than 140 declarations attesting to the hostile work environment at Cook County Jail; numerous examples of Sheriff and County supervisors discouraging and/or ignoring reports regarding the misconduct and victims being told that the harassment is part of the job or was their fault; testimony that Sheriff administrators ignored the problem and that County supervisors failed to implement appropriate reporting policies and did little to address the problem with the Sheriff's Office; and evidence regarding the Sheriff and the County's failure to provide training on the appropriate response to these incidents. (*See* 17-cv-8146, Dkt. # 433.)

---

On March 4, 2021, the Seventh Circuit Court of Appeals reversed the district court's class certification order, but suggested it was still possible that some of the class members could band together to form a smaller class or classes. On April 23, 2021, Shadbar decided she no longer wished to proceed on behalf of the supervisor class; she and other intervenor supervisors filed an amended motion to intervene to assert their claims on an individual basis, which the district court granted on April 27, 2021.

On May 17, 2021, the plaintiffs sought leave to file a fourth amended consolidated complaint on behalf of the smaller classes suggested by the Seventh Circuit, which the district court granted. The plaintiffs brought claims on behalf of women who have worked after April 23, 2015 as employees of CCSO or CCH in a position not excepted from the previously refined class in Division 1, Division 2, Division 6, Division 8/9/10 (including RTU and Cermak), Division 11, RCDC, External Operations & Transportation, the Leighton Courthouse, or Central Kitchen. The plaintiffs also brought claims on behalf of all women who, as employees of CCSO or CCH in a position not excepted from the previously refined class, have been exposed to male detainees while traversing Cook County Jail. On August 20, 2021, the plaintiffs notified the district court that they would not seek class certification on their fourth amended consolidated complaint and would pursue their claims on an individual basis.

34.     Sheriff Dart agreed to a preliminary injunction in *Howard*, which required Sheriff Dart to, among other things, issue a directive that no employee should be discouraged or prevented from filing incident reports of indecent exposure, exhibitionist masturbation, and other sexual misconduct. (17-cv-8146, Dkt. # 27.)

35.     The hostile work environment at Cook County Jail has likewise been the subject of multiple media reports.

36.     Yet, despite the *Howard* and *Brown* suits, the *Brown* injunction, and repeated media coverage, Defendants have allowed a culture of silence and passivity to continue to rule and their female employees to continue to suffer from an egregiously high number of attacks.

## DIRECT HARASSMENT OF PLAINTIFFS

37.     Plaintiff Yolanda Bradford has been employed by Defendant Cook County as a nurse for over 17 years. While working in Division 9, RTU, Urgent Care, and in Division 2, Ms. Bradford was repeatedly subjected to sexual harassment. This sexual harassment included male detainees exposing themselves, inappropriately fondling themselves, and masturbating in her presence on over 100 occasions. This sexual misconduct was almost always accompanied by vile, crude, and sexually suggestive comments. These incidents of sexual harassment included approximately 12 that occurred within the last two years when Ms. Bradford was working in Urgent Care. Often this sexual harassment would occur while Ms. Bradford was passing medications; detainees would stick their penises through the chuckhole of their cell and masturbate towards her. These chuckholes were regularly open and unlocked allowing unfettered access for this type of behavior. This harassment also occurred when Ms. Bradford would take vitals from certain detainees who would use that opportunity to masturbate in Ms. Bradford's immediate presence. Corrective action was only taken in about half the instances, with the detainee being

removed from the immediate area on a temporary basis on only some occasions. Repeat offenders are not treated any differently and seem to know there are no consequences for their actions. Correctional supervisors have sometimes said, "Its your job, get used to it." The culture of the Jail is to just try and get through the day without addressing the situation.

38.     Plaintiff Victoria Brown-Lighthall has been employed as a Cook County Deputy Sheriff for over 21 years. Ms. Brown-Lighthall has been repeatedly subjected to sexual harassment throughout the course of her career while working in the 24-hour lock-up in Maywood and while working in the bullpens and lock-ups at the Maybrook Courthouse. This sexual harassment included male prisoners and detainees exposing themselves, inappropriately fondling themselves, and masturbating in her presence. This sexual harassment was frequently accompanied by crude, vile and sexually suggestive comments, such as statements about masturbating to certain parts of Ms. Brown-Lighthall's body. These acts of sexual misconduct have occurred 20-25 times while working in the 24-hour lock-up and approximately 8 times in the last year, most recently in April 2023. Ms. Brown-Lighthall informed her supervisors of this behavior but was routinely told that there was nothing that could be done because the offenders were not in the system yet and nothing could be considered as happening until they appeared in court. No criminal charges were even considered unless the offenders physically grabbed an employee or placed ejaculate on her. Ms. Brown-Lighthall had to endure similar behavior on a regular basis when she worked in the lock-ups and bullpens at the Maybrook Courthouse, including in 2018 and 2019. In all instances, supervisors would merely shrug their shoulders and say that nothing could be done.

39.     Plaintiff ChaDana Brumfield-Greer has been employed by Defendant Cook County for approximately 29 years. Ms. Brumfield-Greer worked as a medical records clerk at Cermak Hospital from 1993 through 2015 and then worked as a Surgical Technologist from 2015 into

2023. During her employment, Ms. Brumfield-Greer was repeatedly subjected to sexual harassment. These incidents of sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in her presence. This has occurred on an almost weekly basis when Ms. Brumfield-Greer was working in Division 9, usually when detainees would come to the dispensary. From 2015 to the beginning of 2021, such incidents of sexual harassment occurred about 4 times a year. These incidents of sexual harassment have occurred ten times in the last two years from 2021 through 2023 when Ms. Brumfield-Greer was working in the Minor Procedures Clinic. There was no corrective action taken against the offending detainees in these instances.

40.     Plaintiff Tennille DeBerry has been employed as a Cook County Correctional Officer and then Sergeant for almost 18 years. During her employment, Ms. DeBerry was subjected to sexual harassment. These incidents of sexual harassment have included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in her presence. These inappropriate actions were often accompanied with crude, vile, and sexually suggestive remarks, many of which requested sexual interaction between the detainee and Ms. DeBerry. This sexual harassment occurred while Ms. DeBerry was working in Division 9, Division 10, Division 6, Cermak, and in the Inmate Discipline Unit between the years of 2015 through 2022, with the most recent incident occurring in the fall of 2022. In certain instances, some corrective action was initiated but in others it was not. For example, in the incident that occurred in the fall of 2022, the masturbating detainee was not placed into a green jumpsuit and was only issued a disciplinary ticket for being disrespectful to staff; the detainee proceeded shortly thereafter to engage in the same aberrant behavior towards another employee. In other instances, Ms. DeBerry's supervisor would engage in victim-blaming, asking Ms. DeBerry why she was looking into the shower area.

At times, Ms. DeBerry's supervisors were not happy with her insistence on generating disciplinary paperwork because such reports tarnished the program that had been set up to reward inmates for not openly engaging in rampant sexual misconduct. They told her that she was ruining a nice record and the prize pizza parties by complaining.

41.     Plaintiff Lynea Fenderson has been employed as an IIC Services Supervisor and in the Inmate Services Department for almost 30 years. During the period from 2014 through 2022, Ms. Fenderson was subjected to sexual harassment. This harassment most recently occurred in Division 9 in late 2022. The harassment had previously occurred in other parts of the jail complex including Division 6, RTU, Division 8, and Division 10. These incidents of sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in the presence of Ms. Fenderson. At times, these inappropriate actions were accompanied with crude, vile, and sexually suggestive remarks. Frequently, correctional officers failed to act even though they were present when the inappropriate behavior occurred; corrective action was not always taken. Ms. Fenderson was told that this was the jail and she better get used to it.

42.     Plaintiff Kimberly Flowers-Watson has been employed as a Cook County Correctional Officer and then Sergeant for over 12 years. While working in Division 9 from 2016 through 2020, Ms. Flowers-Watson was repeatedly subjected to sexual harassment that included male detainees exposing themselves, fondling themselves inappropriately, and masturbating. At times, these inappropriate actions were accompanied with crude, vile, and sexually suggestive remarks that specifically referenced parts of Ms. Flowers-Watson's body and certain sex acts. This harassment occurred at least once a week. Ms. Flowers-Watson was the victim of targeted acts of harassment. On one occasion, Ms. Flowers-Watson responded to a tier on a call for a supervisor

only to be greeted by a detainee saying I have been waiting for you and then ejaculating. In another incident, a detainee was running towards her while ejaculating. In other instances, Ms. Flowers-Watson was the victim of sexual harassment committed by groups of detainees, including instances where detainees would smear lotion on a table in the dayroom and then would all begin to masturbate as a group. In other group incidents, Ms. Flowers-Watson endured multiple detainees standing at their cell doors masturbating while she was forced to stand on the tier waiting for an EMT to arrive to treat an injured detainee. Supervisors, who were subjected to this same behavior, felt as if their hands were tied and that all that could be done was to place the offending detainees in a green jumpsuit. The supervisors above Ms. Flowers-Watson ordered Ms. Flowers-Watson to enter tiers that were rife with masturbators as a matter of course in order to check to see if the phone and water were working.

43.     Plaintiff Margaret Geinosky has been employed as a Cook County Correctional Officer for approximately 6 years. While working in Division 8/RTU in the period from 2020 through April of 2023, Ms. Geinosky has been repeatedly subjected to sexual harassment that included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in the open while attempting to make eye contact with Ms. Geinosky. At times, these inappropriate actions were accompanied with crude, vile, and sexually suggestive remarks, even going so far as to speak of the detainee committing anal intercourse upon Ms. Geinosky. Although Ms. Geinosky would issue disciplinary tickets and seek to press charges, she is unaware of what, if any, corrective action was taken. Nothing appeared to happen to any of the offending detainees, even when they engaged in this same aberrant behavior on multiple occasions. Ms. Geinosky has been told by supervisors on multiple occasions to turn away, not look at detainees who are masturbating, and just ignore the behavior. She has also been told that if the offending detainee

was not caught on camera (which are not in cells or the shower areas) then "it did not happen." When Ms. Geinosky has reported the sexual misconduct, she has been ordered to go to early intervention against her wishes where she was placed in the untenable position of relating how the conduct is affecting her (potentially making her unfit for duty) or indicating to her employers that she has not been significantly impacted by being exposed to this sexual misconduct.

44.     Plaintiff Kimberly Harris has been employed as a Cook County Correctional Officer / Deputy Sheriff for almost 18 years. While working in Cermak, Receiving, Division 3 annex, and Division 4, Ms. Harris has been subjected to sexual harassment that has included both male and female detainees exposing themselves, fondling themselves inappropriately, and masturbating in the presence of Ms. Harris. This sexual misconduct has been accompanied by vile, crude, and sexually suggestive comments, including requests for Ms. Harris to engage in sexual activity with detainees. Ms. Harris also had an incident where a male detainee masturbated for hours while pressing the call button in order to keep getting her attention. Even though this was an extended incident that was directed at Ms. Harris, Ms. Harris had to really push for any corrective action to be initiated. Incidents involving masturbating female detainees, which have occurred 15 to 20 times over the last two years, have not been taken seriously with no corrective action taken against the detainees. Ms. Harris is expected to accept this sexually aberrant behavior. Supervisors have been reluctant to write up such incidents because it will involve too much work, and because it will reflect negatively on their stats and the success of their attempts to halt such behavior.

45.     Plaintiff Sharon Hatten has been employed as a patient care assistant at the Cook County Department of Corrections for approximately three years. While working at Cermak on the second and third floors, and in RTU Division 5, Ms. Hatten has been exposed to sexual harassment. These incidents of sexual harassment have included male detainees exposing

themselves, fondling themselves inappropriately, and masturbating in the presence of Ms. Hatten, and have continued through the beginning of 2023. At times, these inappropriate actions were accompanied by crude, vile, and sexually suggestive remarks. No corrective action was taken as correctional officers either pretended they did not see anything or merely gave ineffective verbal direction, such as "Don't do that." This was the case even when the same detainees engaged in this behavior over and over again. Ms. Hatten was also told as she was working on a computer as a detainee was ejaculating towards her that – "He does this all the time," as if this explained the entire problem.

46.     Plaintiff Crystal Hill has been employed as a Cook County Correctional Officer and then Sergeant for approximately 8 years. While working in Cermak and RTU, Ms. Hill was subjected to repeated sexual harassment on an almost daily basis in March and April of 2023, with incidents occurring up to 5 or 6 times a day during this period. Ms. Hill had previously been subjected to sexual harassment while mandated to work in Division 9 during the holidays in 2022. All these incidents of sexual harassment included male detainees standing at their cell doors or in the dayroom exposing themselves, fondling themselves inappropriately, and masturbating in the presence of Ms. Hill. The offending detainees would try and engage Ms. Hill and make eye contact with her while masturbating. Ms. Hill would attempt to avoid walking on the worst tiers, where multiple recidivist masturbators will start to engage in their sexually aberrant behavior whenever she or another woman enters the tier, but her assignments required her to respond to certain incidents or be present when certain searches are conducted. Ms. Hill's supervisors shrugged their shoulders at this sexual misconduct, saying that the detainees do not care, they are going to do it anyway, and/or that there is nothing that can be done about it. Disciplinary tickets have no impact and no effective punishment or corrective action has been pursued.

47.     Plaintiff Denise Hughes has been employed at the Cook County Department of Corrections, including over 11 years as a Correctional Rehabilitation Worker. While working in Division 9, Division 11, and in the Tunnel in Division 5, Ms. Hughes was subjected to sexual harassment on multiple occasions, with the last incidents occurring at the end of 2021 or the beginning of 2022. These incidents of sexual harassment have included male detainees standing at their cell doors or in the dayroom exposing themselves, fondling themselves inappropriately, and masturbating in the presence of Ms. Hughes. Sometimes this aberrant behavior was accompanied by crude and sexually explicit comments. No corrective action was taken by correctional officers or supervisors with only a verbal scolding given in a single incident. The officers and supervisors seem unconcerned with this behavior and have seemingly become accustomed to it with no reports being generated.

48.     Plaintiff Sarah Iguodala has been employed by Defendant Cook County as a nurse for approximately 18 years. While working in Division 9, Ms. Iguodala has been repeatedly subjected to sexual harassment that has included male detainees exposing themselves, inappropriately fondling themselves, and masturbating in her presence. This has usually occurred when Ms. Iguodala was passing out medications. These incidents of sexual harassment have occurred between 12 and 25 times over the last two years, with the last incident occurring in March of 2023.

49.     Plaintiff Carmen Jones has been employed as a Cook County Correctional Officer for over 31 years. While working in Division 10 and Division 11, Ms. Jones has been subjected to repeated sexual harassment that has included male detainees standing in the shower area or sitting in the dayroom exposing themselves, fondling themselves inappropriately, and masturbating to Ms. Jones, as well as an incident in 2022 where a detainee exposed himself to Ms. Jones during

morning count. For many years, and on numerous occasions, no corrective action was taken. Ms. Jones was told that enduring this behavior was part of her job and that she "counts dicks for a living."

50.     Plaintiff Urakay Juett has been employed as a nurse at the Cook County Department of Corrections through a health care agency for almost 3 years. While working pretty much all around the compound with the exception of Division 11 and Urgent Care, Ms. Juett was subjected to sexual harassment. This sexual harassment included male detainees exposing themselves, inappropriately fondling themselves, and masturbating in her presence in the period between 2021 through 2023, with the last incident occurring in April 2023. While working in Division 8, Ms. Juett was the subject of multiple detainees in green jumpsuits engaging in this aberrant sexual behavior at the same time during which one of the offending detainees placed his penis into the window where Ms. Juett was working. Ms. Juett was physically groped by a detainee in a sexual manner in another incident. After groping Ms. Juett, the offending detainee turned to the correctional officer and said "I told you to stop bringing females up here." Despite being physically groped by the detainee who made this statement, Ms. Juett was assigned to the same unit and to treat this same detainee soon after the groping. At that time, the detainee immediately started to make perverse gestures towards Ms. Juett. Ms. Juett tried to take a day off after the incident, but was told that she could not since she was "not hurt" during the incident. Perversion and vile, crude and sexually suggestive comments are the norm, with the correctional officers failing to take action to protect the medical personnel.

51.     Plaintiff Elizabeth Maxwell has been employed as a Cook County Correctional Officer / Deputy Sheriff for almost 16 years. While working in Transportation, External Operations and Receiving in the period between 2016 and March of 2023, Ms. Maxwell has been repeatedly

subjected to sexual harassment that has included over 100 different incidents. This sexual harassment has included male detainees exposing themselves, inappropriately fondling themselves, and masturbating and ejaculating in her presence, on vehicles (and smearing it over the bus windows), in RTU, in bullpens at the jail compound, and bullpens in the outlying courthouses. The most recent incident occurred in a bullpen in Division 11 in March 2023 when a detainee was openly masturbating in her presence. Prior to that, in the fall of 2022, Ms. Maxwell was subjected to a similar incident when she was in Receiving in the Division 5 Tunnel. Many of her supervisors feel that their hands are tied and are hesitant to take action, saying the detainees will continue to engage in this behavior regardless. No corrective action is taken.

52.     Plaintiff Tracy McNamara has been employed as a Cook County Correctional Officer for almost 17 years. While working in Division 11, Ms. McNamara has been subjected to sexual harassment that has included male detainees exposing themselves, inappropriately fondling themselves, and masturbating in her presence. The three most recent incidents occurred in 2022. After these 2022 incidents, Ms. McNamara was told by supervisors that she had to be moved off the pod because "she was too pretty." Detainees might be temporarily moved off the tier after committing these vile acts only to be back on the same tier the next day with no real consequences for their actions. In some instances, no real investigatory follow-up was done. Green jumpsuits that are issued to recidivists are rarely worn correctly with many detainees refusing to wear them properly and some obtaining khaki DOC uniforms against regulations.

53.     Plaintiff Jaime Phillips has worked as a Cook County Correctional Officer, then Sergeant, and then Lieutenant for over 16 years. While working in Division 1, Division 10, Division 8 RTU, and Division 9, Ms. Phillips was repeatedly subjected to sexual harassment that included male detainees exposing themselves, inappropriately fondling themselves, and

masturbating in her presence. During her time in Division 9 from 2017 through 2022, Ms. Phillips would routinely be subjected to sexual harassment of this type around 8 times a day. Detainees would often attempt to make eye contact with Ms. Phillips while masturbating. At times, these inappropriate actions were accompanied by crude, vile, and sexually suggestive remarks. Female officers were told to take hand-held video cameras into the tiers with them to videotape through the cell doors before looking into them. Ms. Phillips was discouraged from writing disciplinary tickets due to the nature of the job. It was strongly implied by supervisors that female officers and supervisors would not be able to work in certain areas if too many reports were written concerning sexual misconduct committed by detainees. Supervisors were more concerned with making it appear that the jail detainee rewards program for chronic masturbators was working than the safety and mental and emotional well-being of their officers.

54. Plaintiff Latoya Pickens has been employed as a law librarian at the Cook County Department of Corrections for approximately 25 years. During this time, Ms. Pickens has been subjected to sexual harassment that has included male detainees exposing themselves, inappropriately fondling themselves, and masturbating in her presence, with the most recent incident occurring in Division 11 in April 2023. Ms. Pickens was the subject of daily incidents of sexual harassment while working as the law librarian in Division 9 in 2017 and 2018. It was like a game among the detainees, with coordinated efforts where one detainee would expose themselves to her and masturbate while the other detainees would cheer the masturbator on. Even though a correctional officer was always present when these incidents occurred, no corrective action was ever taken; it was like the incident never happened. Officers are often dismissive, claiming that they did not see anything and therefore cannot write the incident up. Some have bluntly told Ms. Pickens that she is beating a dead horse and that nothing is going to be done. One

even told her, "you act like you have never seen a dick before." The culture is that accepting this type of aberrant behavior is part of the job. Recidivist detainees will use a variety of methods to circumvent wearing the green jumpsuits properly with lax enforcement making it difficult to know exactly who the most likely offenders are.

55.     Plaintiff Ajshe Sawyer has been employed as a Cook County Deputy Sheriff for almost 13 years. While working in Division 8, including in RTU and the staging area, Ms. Sawyer was subjected to sexual harassment on multiple occasions in the period from 2017 through 2022. This sexual harassment included male detainees exposing themselves, inappropriately fondling themselves, and masturbating in her presence, with the most recent incidents occurring in 2022. At times, these inappropriate actions were accompanied with crude, vile, and sexually suggestive remarks, calling Ms. Sawyer by name, referencing certain portions of her body, and making threats to inflict injury upon Ms. Sawyer's breasts during sexual interaction. Supervisors who responded would usually act as if they did not see anything, suggest that nothing actually occurred, and say that nothing can be done. Supervisors even went as far as to joke about these incidents, laughing about how an employee being on the receiving end of this aberrant sexual misconduct conduct was now "part of the team." Supervisors would frequently try and talk Ms. Sawyer out of pursuing any corrective action against the offending detainees.

56.     Plaintiff Gloria Stevenson has been employed as a nurse at the Cook County Department of Corrections for less than two years. Ms. Stevenson has been repeatedly subjected to sexual harassment during her relatively brief tenure at the CCDOC. In less than two years, Ms. Stevenson has been subjected to male detainees exposing themselves, inappropriately fondling themselves, and/or masturbating in her presence over 35 times, with incidents as recently as March 2023. These incidents have occurred in multiple areas of Division 8 and Cermak, Division 10, and

Division 6. Almost every time, these inappropriate actions were accompanied by crude, vile, sexually explicit, and threatening remarks. These remarks included threats to knock Ms. Stevenson out and rape her as well as mention of specific sexual acts that the detainee will do after finding Ms. Stevenson outside of jail. Many of these incidents have occurred during the passing of medication where after the correctional officer yells that it is time for medication, detainees walk up to the window, pull out their penis and begin masturbating. Correctional officers have sometimes given verbal direction to stop, only to have the detainee ignore the commands and continue uninterrupted. At times, Ms. Stevenson has been asked to go to a different area to complete her work or would hide when a detainee would just keep masturbating in her presence. The sexual harassment that Ms. Stevenson has had to endure has also included group events, where multiple detainees would assemble in a line and all masturbate simultaneously as Ms. Stevenson would walk by. A detainee would only be placed in a green jumpsuit if a number of people complained. At times, absolutely nothing was done even though a correctional officer was present when the offending detainee was masturbating. Some correctional officers do not care and have just sat there and refused to get up when detainees engaged in sexual misconduct. Some correctional officers have even engaged in discussions with detainees about the physical appearance and bodies of women who are in close proximity, further encouraging the sexually aberrant behavior of the detainees.

57.     Plaintiff Dolores Triplett has been employed as a Licensed Practical Nurse at the Cook County Department of Corrections for almost 17 years. Ms. Triplett has been repeatedly subjected to sexual harassment (over 20 incidents) during the period from 2016 through 2023 with 4 or 5 incidents having occurred within the last two years. This sexual harassment has included male detainees exposing themselves, inappropriately fondling themselves, and masturbating in her

presence. Often these detainees would try to engage and maintain eye contact with Ms. Triplett when masturbating. These inappropriate actions were frequently accompanied by crude, vile, sexually explicit, and threatening remarks that included threats to rape Ms. Triplett and mention of specific sexual acts that the detainee would perform after finding Ms. Triplett outside of jail. Some correctional officers or supervisors would generate reports, but there would be no follow-up. In many instances, no reports would even be generated. In fact, in only two incidents did an investigator ever contact Ms. Triplett about what had occurred. Often, correctional officers would say they did not see anything and refuse to write a report. At times, correctional officers would engage in victim blaming actions and question or accuse Ms. Triplett, saying and suggesting that she is lying about having been the victim of this sexual misconduct.

58.     Plaintiff Marsalette Winsley has been employed as a Clinical Nurse I at the Cook County Department of Corrections, most recently from 2015 to the present. While working in Division 2, Division 5, and Division 10 between 2020 and 2022, Ms. Winsley has been subjected to multiple incidents of sexual harassment. This sexual harassment has included male detainees exposing themselves, inappropriately fondling themselves, and masturbating in her presence. This behavior has been frequently accompanied by crude, vile, sexually explicit, and threatening remarks. At times, Ms. Winsley has been subjected to this sexual harassment when in close proximity to masturbating detainees without barriers and with no correctional supervision. This behavior occurred very frequently while Ms. Winsley was working in Division 2 and continued with three or four incidents in 2021 and 2022. Ms. Winsley has expressed her concerns both verbally and in writing to the administration, but has never received a response. Correctional officers would issue verbal commands to stop, but detainees would just talk back and continue

their behavior. A lot of the correctional officers would profess that they did not see anything in order to avoid the need to confront a detainee. No corrective action was taken.

## COUNT I – 42 U.S.C. § 1983 EQUAL PROTECTION
### (All Plaintiffs against Defendants)

59.     Plaintiffs incorporate and reallege Paragraphs 1 through 58 above.

60.     At all times relevant, Defendants have acted under color of law under 42 U.S.C. § 1983.

61.     Defendants denied Plaintiffs equal protection of the laws under the 14th Amendment to the United States Constitution by tolerating widespread policies and practices, which show deliberate indifference to the widespread sexual harassment of their female employees.

62.     Defendants have known for years that their female employees are subjected to regular attacks of a sexual nature by male detainees, which include detainees exposing themselves to, masturbating at, threatening sexual violence against, battering, and/or otherwise sexually harassing female employees.

63.     Defendants have known for years that these attacks occur at an egregiously high frequency and that not enough is being done to protect their female employees from these attacks.

64.     With knowledge of this widespread sexual harassment of their female employees, Defendants have tolerated a culture of silence and passivity in which reports of sexual harassment are discouraged and frequently ignored and/or not legitimately investigated, and offending detainees are not appropriately disciplined and/or disciplined irregularly and allowed to continue victimizing female employees with little to no effective corrective action being taken.

65.     Defendants have acquiesced in, remained deliberately indifferent to, and tacitly approved the widespread sexual harassment of their female employees by allowing open and obvious harassment to occur on a daily basis.

66.     Defendants' failure to legitimately respond to, and tolerance of, sexual harassment is so widespread and well-settled as to constitute a *de facto* policy of sex discrimination against female employees.

67.     This *de facto* policy is and was the moving force behind the detainees' harassment of Plaintiffs and the injuries Plaintiffs suffered as a result.

## COUNT II – ILLINOIS CIVIL RIGHTS ACT
### (All Plaintiffs against Defendants)

68.     Plaintiffs incorporate and reallege Paragraphs 1 through 58 above.

69.     The Illinois Civil Rights Act, 740 ILCS 23/5, provides a cause of action to any party aggrieved by a unit of State, county, or local government, which discriminates against that party on the grounds of gender or utilizes criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their gender.

70.     As set forth above, Defendants knew that female employees were subjected to severe and pervasive sexual harassment by detainees, but intentionally failed to take appropriate corrective action and instead have tolerated the harassment.

71.     As a direct and proximate result, Plaintiffs have suffered injuries.

## COUNT III – INDEMNIFICATION
### (All Plaintffs against Defendant Cook County)

72.     Plaintiffs incorporate and reallege Paragraphs 1 through 58 above.

73.     Defendant Cook County is not only directly liable, but must also indemnify CCSO against any amounts recovered by Plaintiffs in this action, including attorney fees. *See Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, awarding Plaintiffs damages, attorney fees, costs, pre and post-judgment interest, injunctive relief, and such other and further relied that the Court deems just.

### PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

DATE: April 24, 2023                    Respectfully Submitted,

                                        By: /s/ Marko Duric

                                        Robert Robertson
                                        Marko Duric
                                        ROBERTSON DURIC
                                        One North LaSalle, Suite 300
                                        Chicago, Illinois 60602
                                        (312) 223-8600
                                        robrobertson1@sbcglobal.net
                                        marko@robertsonduric.com
                                        *Attorneys for Plaintiffs*